

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 6, 1965

Honorable George D. Dowlin
Criminal District Attorney
Randall County
Canyon, Texas

Dear Sir:

Opinion No. C-371

Re: Duty of the County Clerk
in regard to furnishing
ballots for absentee
voting where two separate
elections are held at
the same time and place.

You have requested an opinion on whether it is the
duty of the County Clerk, in conducting absentee voting for
two separate elections which are to be held at the same time
and at the same place, to specifically ask the voters whether
they want to vote in both elections. You have furnished the
following information concerning the factual background for
this request.

Some time ago a group of Randall County citizens
sought to interest the Commissioners' Court of Randall County
in establishing a county-owned airport. The Commissioners
Court told the group that if they would present a petition
signed by ten per cent of the eligible voters of the county
asking for such an election, the Court would call an election
on the proposition of issuance of bonds to finance the building
of an airport. The proponents presented such a petition to the
Court in September, 1964, and the Court ordered the bond elec-
tion to be held in conjunction with the general election on
November 3, 1964.

The voting at both the general election and this
special bond election was conducted on voting machines at the
regular precinct polling places, but paper ballots were used
in both elections for absentee voting by personal appearance
as well as by mail, as authorized in Section 7 of Article 7.14,
Texas Election Code. The County Clerk conducted the absentee
voting in both elections, and separate ballots, ballot boxes,
and stub boxes were used in conducting the absentee voting by
personal appearance in the two elections. When the voter
presented his application for an absentee ballot to the County
Clerk, the Clerk furnished him with the ballot form or forms
requested on the application. If the voter asked only for the
general election ballot, the Clerk furnished him that ballot
without asking him whether he also wanted to vote in the bond

-1763-

election.

There were 1081 absentee ballots cast in the general election and 45 absentee ballots cast in the bond election. The bond issue was defeated by 175 votes. The proponents for the bond issue feel that the result of the election might have been changed if a larger percentage of eligible absentee voters had voted in the bond election, and they also feel that it was the duty of the County Clerk to call each eligible voter's attention to the fact that the bond election was being held if the voter had not requested a ballot for both elections. They have asked the Commissioners Court to call another election on the bond proposition. The feeling of the Court is that an opinion as to the duties of the County Clerk in conducting the absentee voting would be an important factor in determining whether or not to call another election on the bond issue. You have propounded the following question, which you limit to voting by personal appearance in the Clerk's office:

> "In conducting separate elections at the same time and the same place, is it the duty of the County Clerk and his deputies to specifically ask eligible voters in bond elections whether they wish to vote in both elections or, in the alternative, is it the duty of the County Clerk and his deputies merely to furnish absentee voters with a blank application form and permit people to vote only on elections that they themselves specifically request ballots for, and not call their attention to what elections are being held?"

In addition to the qualifications prescribed by Section 2 of Article VI of the Texas Constitution, which govern eligibility to vote in the November general election, a person is eligible to vote in a bond election only if he also meets the qualification of owning taxable property which has been duly rendered for taxation in the political entity holding the election, as required by Section 3a of Article VI. Where a bond election is held in conjunction with the general election, the two elections should be conducted as separate elections with separate poll lists being kept and separate ballots, ballot boxes and stub boxes being used. Att'y Gen. Ops. O-2853 (1940), O-4872 (1942), O-6496 (1945). From these statements of general principles, it is seen that the bond proposition properly was not placed on the general election ballot and that a voter applying for and entitled to receive a general election ballot was not necessarily eligible to vote in the bond election also.

Public notice that an election is to be held is given to the voters through methods provided by law. For a county bond election, notice is given by posting a copy of the election order in each of the election precincts of the county and at the county courthouse, and by publishing it in a newspaper of general circulation published within the county. Article 704, Vernon's Texas Civil Statutes. We find nothing in the absentee voting laws (Article 5.05 and Sections 7, 7a and 7b of Article 7.14, Vernon's Texas Election Code) expressly or impliedly making it the duty of the County Clerk, where two separate elections are being held, to inform voters applying for an absentee ballot for one of the elections that a second election is also being held. While the Clerk would not be acting improperly by asking the voter whether he also wished to apply for the other ballot, the Clerk is not under a duty to do so. If any voter failed to apply for the bond election ballot in the belief that the bond proposition would be listed on the general election ballot, the error of his belief became evident to him while he was still in the Clerk's office and he could have made another application for the bond election ballot if he wanted to vote in that election also.

In answer to your question, it is our opinion that the County Clerk was not under a duty to call attention to the bond election where a voter failed to apply for that ballot.

### SUMMARY

Where a countywide bond election is ordered for the same date as the general election, to be held at the same polling places, and a separate paper ballot is properly furnished to the County Clerk for conducting the absentee voting in the bond election, the Clerk is not under a duty to call attention to the bond election if a voter applies for an absentee ballot for the general election without also asking for a ballot for the bond election.

Yours very truly,

WAGGONER CARR
Attorney General

By Mary K. Wall

Mary K. Wall
Assistant

MKW:sj

Hon. George D. Dowlin, page 4 (C-371)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
George Gray
Malcolm Quick
Roger Tyler
Bob Flowers

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone